**SO ORDERED.**

**SIGNED this 04 day of April, 2006.**

_____
J. Rich Leonard
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

DENNIS EARL DOZIER,

        Debtor.                                  Case No. 06-00509-8-JRL
                                                                     Chapter 13

## ORDER

This case is before the court on the debtor's motion to extend the automatic stay as to all creditors. On March 30, 2006, the court conducted a hearing on this matter in Wilson, North Carolina.

On July 26, 2005, the debtor filed a Chapter 13 case, which was dismissed on January 13, 2006 for failure to make plan payments. The debtor filed this case on February 22, 2006. He did not file the motion to extend the automatic stay until March 23, 2006. RBC Centura Bank objected to the relief requested as untimely under § 362(c)(3)(B).

Pursuant to 11 U.S.C. § 362(c)(3)(A), if a Chapter 13 debtor had a previous case pending "within the preceding 1-year period" which was dismissed, the automatic stay terminates "on the 30th day after the filing of the later case." A debtor may move to extend the automatic stay, but the notice and hearing must

1

be "completed before the expiration of the 30-day period . . . ." 11 U.S.C. § 362(c)(3)(B).

Here, the debtor filed the subject motion on the 29th day at 6:32 p.m., which did not provide adequate time for the court to schedule and conduct a hearing within the 30-day period. The court confirmed that actions were taken against the debtor, as set forth in § 362(c)(3)(A), prior to the filing of this bankruptcy case. In re Paschal, 337 B.R. 274, 280 (Bankr. E.D.N.C. 2006). Because an extension of the automatic stay was not granted within the 30-day period, the stay was terminated, pursuant to § 362(c)(3)(A). No further arguments were advanced by the debtor. Accordingly, the court denies the debtor's motion for extension of the automatic stay.

"END OF DOCUMENT"